(155 App. Div. 199.)

## PEOPLE v. FRUDENBERG.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

FOOD (§ 1*)—SALE OF MILK—STATUTORY REGULATIONS—VALIDITY—POLICE POWER.

　　Agricultural Law (Consol. Laws 1909, c. 1) § 47, as amended by Laws 1911, c. 608, § 47, requiring consumers of milk to rinse receptacles containing milk or cream before returning the same to the dealer, and an ordinance prohibiting the receiving of any such receptacle, which has not been washed after holding milk or cream, construed to require customers to clean receptacles before a dealer may accept them, are a valid

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

exercise of the police power, and do not deprive a milk dealer of his property.

[Ed. Note.—For other cases, see Food, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

Appeal from Court of Special Sessions, New York County.

Fred Frudenberg was convicted of having received milk bottles which had not been washed after holding milk, and he appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

George W. Alger, of New York City, for appellant.

William J. Millard, of New York City, for respondent.

SCOTT, J. Defendant, a driver for a milk company, was charged, upon information, with having in his possession and having received milk bottles which had not been washed after holding milk and were unclean. The evidence would support a finding that defendant had collected a large number of used milk bottles, some of which had not been washed; that he had taken them to a railway station at Park avenue and 164th street and unloaded them upon the platform, where they were stacked up. About two hours later the bottles, including the unclean ones, were loaded on cars. The milk company had a cleaning plant at Manhattan street, and the reason why defendant did not take the bottles there was that it was out of the way.

The defendant makes no question as to the facts, contenting himself with attacking the constitutionality of the ordinance, which reads as follows; the part attacked, being the last sentence:

"Sec. 183. It shall be the duty of all persons having in their possession bottles, cans or other receptacles containing milk or cream, which are used in the transportation and delivery of milk or cream, to clean or cause them to be cleaned immediately upon emptying. No person shall use or cause or allow to be used any receptacle which is used in the transportation and delivery of milk or cream, for any purpose whatsoever other than the holding of milk or cream, nor shall any person *receive or have in his possession any such receptacle which has not been washed after holding milk or cream or which is unclean in any way.*"

The defendant urges that upon a strict construction of the section, and both sides agree it should be so construed, it is unreasonable, in that it makes it an offense for the milk company to reclaim or retake its own property, if some one else has violated a duty with regard to it. I have no doubt that this strict construction is precisely what was intended by the board of health, and it fits perfectly with the Agricultural Law (Consol. Laws 1909, c. 1), to which it is merely supplementary.

Section 47 of that law, as amended by Laws 1911, c. 608, provides that:

"Whenever any can or receptacle is used for transporting * * * milk to the market for the purpose of selling or furnishing the same for consumption as human food, which can or receptacle, when emptied, is returned or intended to be returned to the person so selling, furnishing or shipping such substance to be again thus used, or which is liable to continued use in so

transporting * * * *the consumer, dealer or consignee using, selling or receiving the milk, cream or curd from such can or receptacle, shall before so returning such. can or receptacle remove all substances foreign to milk therefrom by rinsing with' water or otherwise."*

The appellant concedes that there is no constitutional objection to either the statute or ordinance, except the last sentence of the ordinance under which defendant was convicted. We are of opinion that the sentence objected to is not unreasonable, and is within the police power of the state. It does not deprive the milk company, appellant's employer, of its property, but merely requires it, before accepting a bottle or other receptacle from a customer, to insist that that customer shall observe the law and wash out the receptacle. This can be done either by ceasing to deliver milk to a customer who refuses to obey the law, or by lodging an information against the persistent law breaker.

That the company had provided a sterilizing plant to clean bottles and receptacles does not seem to meet the requirements of law, especially when the bottles are not taken to the plant, but are shipped away in an unclean condition. Both the statute and the ordinance are undoubtedly drastic, but the danger to be apprehended from the use of unclean receptacles for milk intended for human food is so obvious and so well known that drastic measures to prevent the possibility of such use are reasonable and justifiable.

The judgment is affirmed. All concur.